IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

EUGENE HOWARD RAINEY, :
:
    Petitioner :
:
  v. : CIVIL NO. 4:CV-13-1806
:
SCI-COAL TWP. SUPT., : (Judge Brann)
:
    Respondent :

## MEMORANDUM

August 26, 2013

**Background**

Eugene Howard Rainey, an inmate presently confined at the State Correctional Institution, Coal Township, Pennsylvania (SCI-Coal Twp.), filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254. Named as Respondent is the SCI-Coal Twp. Superintendent. The required filing fee was paid on July 23, 2013. Accompanying the Petition is Rainey's "motion for stay and abbey [sic] of protective petition for writ of habeas corpus." Doc. 3, p. 1. Service of the Petition has not yet been ordered.

According to the Petition, Rainey was convicted of third degree murder and conspiracy to commit aggravated assault on March 18, 2009 following a jury trial

1

in the Court of Common Pleas of York County, Pennsylvania. He was sentenced on April 13, 2009 to a twenty-five (25) to fifty (50) year term of imprisonment.

Petitioner asserts that he filed a direct appeal to the Pennsylvania Superior Court which was denied on October 19, 2010. See Doc. 1, ¶ 9. Thereafter, Rainey sought collateral relief via a petition pursuant to Pennsylvania's Post Conviction Relief Act (PCRA).[1] His PCRA petition, which was filed with the Court of Common Pleas on or about March 18, 2011, raised ten issues regarding alleged ineffective assistance of trial counsel. Petitioner indicates that his PCRA action was denied by the Court of Common Pleas on May 16, 2011. See id. at ¶ 11. The Pennsylvania Superior Court affirmed the denial of PCRA relief on April 9, 2012. See Doc. 3, ¶ 4. However, Rainey indicates that the denial was entered without prejudice to Petitioner's ability to present his newly discovered evidence claim before the trial court. See id. at ¶ 5.

Rainey states that he initiated a second PCRA action which included his newly discovered evidence argument on or about October 31, 2012. The second

---

[1] See 42 Pa. Cons. Stat. Ann. § 9541 et seq. One of the avenues for relief in the Pennsylvania legal system is collateral relief under the PCRA, "which permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

PCRA action was also denied by the trial court. However, an appeal of that denial is presently pending before the Pennsylvania Superior Court. See id. at ¶ 7.

Petitioner's pending action seeks relief on the following grounds: (1) there was insufficient evidence to support his conviction on criminal conspiracy to commit aggravated assault; (2) he is factually and legally innocent of all charges; (3) the trial court erred in failing to grant a continuance and allowing trial testimony by a new witness; (4) ineffective assistance of trial counsel; and (5) newly discovered evidence pertaining to witness recantation, prosecutorial misconduct, and exculpatory identification evidence

Rainey notes that Claims (1) , (3) , & (4) were raised on direct appeal and are exhausted. However he asserts that Claims (2) &( 5) are presently under consideration by the Pennsylvania Superior Court and are therefore unexhausted. [2] Petitioner requests that this matter be stayed pending disposition of his second PCRA appeal by the Pennsylvania Superior Court.

## **Discussion**

As previously noted, Petitioner has filed a motion for stay and abeyance of proceedings. His motion reasserts that he has filed a timely § 2254 petition which includes newly discovered evidence issues which have also been asserted in his

---

[2] Petitioner states that Claim 2 is "tied into Ground Five." Doc. 1, ¶ 18.

second PCRA action which is presently pending in Pennsylvania state court. Rainey's motion requests that this matter be stayed until such time as he has exhausted his available state court remedies with respect to his pending newly discovered evidence claims. See Doc. 3, ¶ 8.

Section 2244(d) of Title 28 of the United States Code imposes a statute of limitations on prisoners requesting habeas corpus relief pursuant to 28 U.S.C. § 2254. Specifically, § 2244(d) provides in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> . . .
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)the date on which the factual predicate of the claim or claims presented could have been discvoered through the use of due diligence.
> (2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

See generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999).

In addition to the timeliness requirement, Title 28 United States Code

4

Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective. The exhaustion requirement is not a mere formality. It serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights.

The United States Supreme Court, noting that a total exhaustion rule "does not unreasonably impair the prisoner's right to relief," has recognized that if a habeas corpus petition containing both exhausted and unexhausted claims is presented, then the entire petition must be dismissed. Rose v. Lundy, 455 U.S. 509, 522 (1982). As discussed above, federal habeas corpus relief may not be granted on a mixed petition. However, in both Rhines v. Weber, 544 U.S. 269 (2005) and Crews v. Horn, 360 F. 3d 146 (3d Cir. 2004), a § 2254 petitioner filed a timely but mixed (one containing both exhausted and unexhausted claims) federal habeas corpus petition. Both Rhines and Crews addressed arguments that federal habeas petitions should be held in abeyance while unexhausted claims were exhausted in state court because those claims might be time barred upon

returning to federal court due to the time limitations imposed by 28 U.S.C. § 2254(b)(1).

The United States Supreme Court in Rhines, recognized that under such "limited circumstances" district courts have discretion to stay a mixed § 2254 federal habeas corpus petition so that the petitioner can pursue review of his unexhausted claims in state court. Rhines, 544 U.S. at 277. The Court of Appeals for the Third Circuit in Crews similarly recognized that in order to avoid an unfair result, "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." Crews, 360 F.3d at p. 154 (internal citations omitted).

Rhines and Crews both contemplate that the initial federal petition must be timely filed and a mixed petition. There is no clear indication from the Petitioner's submissions to date that his pending federal petition is untimely under § 2244(d).[3] Based upon Petitioner's representations, the matter before this Court is also a mixed petition.

As in Crews, Rainey should not face the prospect of forfeiting federal court review of issues. There is no indication that Petitioner is seeking to defer

---

[3] It is noted that the running of the limitations period is suspended for the period when properly-filed state post-conviction proceedings, i.e. a PCRA petition, are pending in any state court.

adjudication of his claims or to defeat the interests of finality of state court judgments. However, if the Pennsylvania state courts were to determine that Petitioner's second PCRA action was not properly filed, timeliness concerns would exist with respect to the submission of his pending federal action. In that event, there is clearly a potential that if Rainey waited until final state court disposition of his second PCRA action before seeking federal habeas relief he would face possible dismissal of such a petition as being untimely filed.

Given that potential, Petitioner's pro se status, and out of an abundance of caution, Crews counsels in favor of a stay of litigation in this case while Rainey completes the state review process on his pending unexhausted federal claims. Accordingly, Petitioner's motion requesting a stay will be granted.

However, in order to keep this matter moving forward, within thirty (30) days of the termination of Petitioner's state court second PCRA proceedings, he will be required to file a written status report with the Court detailing the conclusion of his state court exhaustion efforts and including a copy of the relevant Superior and/or Supreme Court's dispositions. Failure to timely file the required written status report may be deemed a failure to prosecute.

Upon demonstration by Petitioner that his state court proceedings have concluded, the stay issued in this matter will be lifted, until such time this matter

7

will be marked closed for administrative purposes.  An appropriate Order will enter.

BY THE COURT:

s/Matthew W. Brann

_____
Matthew W. Brann
United States District Judge